A. J. McCUNE, PLAINTIFF IN ERROR, v. JOHN D. THOMAS, DEFENDANT IN ERROR.

1. **Conflicting Testimony.** NEW TRIAL. Where there is conflicting testimony, although the court may incline to the opinion that the result of the trial ought to have been somewhat different from that reached by the jury, this is not a good reason for setting aside their verdict.

2. ———: ———. If testimony is conflicting, it is within the province of the jury to determine what portion shall be received, and what rejected. The court may lay down rules by which the credit of witnesses may be tested, but the application of those rules should be left entirely to the jury.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*Baldwin & Snythe,* for plaintiff in error.

*A. N. Ferguson,* for defendant in error.

LAKE, CH. J.

The action in the court below was brought by the defendant in error upon an account for money loaned, labor performed, and for certain articles of personal property sold and delivered to the plaintiff in error, on which there was claimed to be due the sum of $816.50.

The answer filed by the plaintiff in error, after denying that he was indebted in any amount whatever, admitted considerable dealings between the parties, and gave what was claimed to be a correct statement of the accounts, both debits and credits, as they actually occurred. In this statement Thomas is credited, substantially of items claimed by him in his petition, with $375.50, but on the whole giving a balance in McCune's favor of $440.50. To this there was a reply which put in issue the whole of McCune's claim against Thomas, so that, as the pleadings stood, had no testimony been produced by either party, Thomas would have been entitled to a judgment for at least $375.50, in his favor.

It is contended on the part of each of these parties that the account of the other was " false and untrue," and " trumped up," which to a certain extent, judging from the testimony, was very likely true. At all events, after a very fair trial, to which no objection is made on account of any ruling of the court, the jury seem to have reached that conclusion, and therefore, disallowed many items in both accounts, returning a verdict in favor of Thomas for $491.77. It is now urged that this verdict is not supported by the evidence; and this is the only ground on which it is sought to reverse the judgment of the district court.

Without undertaking a review of the testimony, it is not improper to say, of that given by the parties themselves, that its reconciliation is impossible. It is true

that, in some of the minor portions of it, each is in a measure supported by other witnesses, or by some attendant circumstance throwing light upon certain of their transactions. It is therefore a case in which it would probably be impossible for either judge or jury to reach a conclusion in which the mind would rest completely satisfied that entire justice had been done.

It may well be remarked of this, as we said in the case of *Blackburn v. Ostrander*, 5 Neb., 219: " It is a case peculiarly suited to a jury trial, wherein the character and appearance of the witnesses, as well as the words they utter, can be considered and weighed by twelve of their fellow citizens," etc. And although we might incline to the opinion that the result of the trial ought to have been somewhat different from that reached by the jury, this is no good reason for setting aside their verdict.

When in a jury trial, as in this case, it is found to be impossible to reconcile and give full credit to all of the testimony, it is clearly within the province of the jury to determine what portions shall be received and what rejected. The court may lay down the rules by which the credit of a witness may be properly tested, but the application of these rules should be left entirely to the jury. And it is only where it is manifest that such instructions have been disregarded, and the verdict is wholly unsupported by the evidence that the court may properly interfere and grant a new trial. To hold otherwise would be a practical extinguishment of the right of trial by jury.

JUDGMENT AFFIRMED.